UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES ALEJANDRO RAMOS MORAN, A-244-618-630,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06878 DJC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Andres Alejandro Ramos Moran (A# 244-618-630), an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Liberally construed, the petition alleges that petitioner's current detention violates his due process rights under the Fifth Amendment based on the revocation of his release and his prolonged detention without an individualized bond hearing. Id. Respondents have filed an opposition, arguing that the petition should be dismissed as an abuse of the writ because petitioner was previously granted habeas relief by this court in the form of a bond hearing, and any new arguments should have been presented in his first habeas petition. ECF No. 11. For the reasons explained below, the undersigned recommends that the petition (ECF No. 1) be denied without prejudice.

I. Brief Factual and Procedural Background

Petitioner, a native of Venezuela, was granted entry to the United States at the San Ysidro Port of Entry with a valid CBP One application on July 10, 2024. ECF No. 11-1 at 2; ECF No. 11-4 at 1. He was served with a Notice to Appear for removal proceedings as an immigrant not in possession of a valid immigrant visa, reentry permit, border crossing card, or other valid entry document as required by Section 212(a)(7)(A)(i)(I) the Immigration and Nationality Act ("INA"). ECF No. 11-2 at 1-4 (Form I-862). He was released by DHS while his immigration proceedings were pending. ECF No. 11-3 at 2. He applied for and was issued several form I-765 Employment Authorizations, the most recent of which was valid through October 5, 2027. Id. at 2-3. Petitioner also applied for asylum, withholding of removal, and withholding conviction against torture in July 2025. Id. at 2. Petitioner's various claims for relief from removal were denied on October 14, 2026, and he was ordered removed by an Immigration Judge ("IJ").[1] Petitioner timely appealed to the Board of Immigration Appeals ("BIA") on November 6, 2026; the appeal is currently pending.

Petitioner's criminal history consists of arrests in 2025 and 2026 in Utah for numerous traffic offenses, including driving without a valid license, reckless driving, causing property damage, and driving under the influence. Id. at 3; 11-5 at 1-6 (RAP sheet). On May 24, 2026, petitioner was detained by ICE following his release from the Utah County Jail following an arrest for unsafe lane travel. ECF No. 11-3 at 2.

On July 8, 2026, petitioner filed a pro se federal habeas petition in this court. See Ramos Moran v. Warden, Case No. 1:26-cv-05264 DJC AC. In that case, petitioner challenged his detention and the revocation of his release on federal due process grounds and based upon the "lack of evidence" to support his arrest. Id. (ECF No. 1 at 6-7). By Order dated August 7, 2026,

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited November 12, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

the Honorable Daniel J. Calabretta granted the petition on federal due process grounds and ordered respondents to provide petitioner with a bond hearing within fourteen days where the government bore the burden of proving that petitioner posed a danger to the community or a risk of flight by clear and convincing evidence. Id. (ECF No. 7 at 1-2). A bond hearing was conducted on August 19, 2026, and petitioner was denied bond based on the IJ's finding that he was a danger to the community. ECF No. 11-6 at 1.

Petitioner, proceeding pro se, filed the instant habeas petition on August 28, 2026. ECF No. 1. The matter was reassigned to Judge Calabretta, who referred this case to the undersigned on September 3, 2026. ECF Nos. 6, 8. On September 8, 2026, the court directed respondents to respond to the petition and substantively address whether there are any factual or legal issues that materially distinguish this case from several of the court's prior orders. ECF No. 9.

In their opposition to the petition, respondents contend that petitioner's due process claim relating to the legal basis for his current detention was already resolved in his first-filed case, and that the instant petition is therefore barred by the abuse of the writ doctrine because the present claims either were – or could have been – asserted in the prior petition. ECF No. 11 at 2. Specifically, respondents allege that petition's due process claim based on his re-detention was previously decided in his favor when Judge Calabretta granted relief in the form of a bond hearing. If petitioner disagrees with the outcome of that bond hearing, he must exhaust his administrative remedies by appealing to the BIA. Id. at 3. With respect to his second claim alleging prolonged detention, respondents assert that petitioner has been detained less than four months (at that time) and was granted a bond hearing as recently as August 19, 2206, and therefore his detention has not been unreasonably prolonged. Id. at 3-4. Finally, respondents contend the cases cited in the court's Minute Order are factually distinguishable because petitioner remained in the United States after his parole expired by its own term, and he previously received a bond hearing. Id. at 4.

In response, petitioner filed a motion for temporary restraining order (ECF No. 12), a motion asking the court to reconsider "the situation regarding my second habeas corpus petition" (ECF No. 13), a motion to appoint counsel (ECF No. 15), and a supplement to his habeas petition

including letters of support, financial records, and "factual evidence . . . against ICE's accusations that I did not have a license when I was detained" (ECF No. 14).

II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

III. Discussion

As set forth above, respondents contend that the current habeas petition should be dismissed as an "abuse of the writ" because the factual predicate for petitioner's current federal due process claims were – or should have been – included in his first habeas case decided by this court, Ramos Moran v. Warden, 1:26-cv-05264 DJC AC. ECF No. 11 at 2. The undersigned agrees.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Petrocelli v. Angelone, 248 F.3d 877, 884 (9th Cir. 2001) (quoting Calderon v. United States District Court, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). When considering the abuse of the writ doctrine in a section 2241 proceeding, AEDPA's second or successive provisions do not directly govern,[2] but they do "inform [judicial] consideration." Calderon v. Thompson, 523 U.S. 538, 558 (1998). The Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention under § 2241. See Barapind v. Reno, 225 F.3d 1110, 1111-1112 (9th Cir. 2000) (finding AEDPA's prohibition on second or successive petitions inapplicable to petition challenging immigration detention, but applying pre-

---

[2] See 28 U.S.C. § 2244(a), (b).

AEDPA abuse of writ standards). Under the abuse of the writ doctrine, a section 2241 petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result, or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim. Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011).

In McClesky v. Zant, a pre-AEDPA case involving a section 2254 petition, the Supreme Court examined the scope and procedure of the common law abuse of the writ doctrine.[3] When a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ by noting, with clarity and particularly, petitioner's prior writ history, identifying the claims that appear for the first time, and alleging that petitioner has abused the writ. 499 U.S. 467, 494-95 (1991). The burden to disprove abuse then shifts to petitioner. Id. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. Id.

Here, the court agrees with respondents that the instant petition should be dismissed. To the extent that petitioner's habeas petition and subsequent filings (ECF Nos. 13, 14) can be liberally construed as asserting a due process claim relating to the original circumstances of his re-detention by ICE, that claim has already been litigated and resolved in his favor in his first-filed habeas action, Ramos Moran v. Warden, 1:26-cv-05264 DJC AC. Any additional arguments petitioner may have relating to the unlawfulness or circumstances of his detention should therefore have been raised in his earlier petition. See, e.g., MHC Fin. Ltd. Partnership v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013) (providing that a petitioner "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.").

To the extent petitioner is now asserting, for the first time, that his detention has become unreasonably prolonged because his current "detention, without any individualized review, is

[3] Enactment of the AEDPA did not abrogate application of the precedent for abuse of the writ. Felker v. Turpin, 518 U.S. 61, 664 (1996).

unreasonable," petitioner's habeas petition and subsequent filings all fail to acknowledge that petitioner did recently receive an individualized bond hearing from an IJ three months ago, in August 2026. ECF No. 1 at 7. Petitioner's detention of three months since his August 2026 bond hearing is well within the presumptively reasonable period articulated by the Supreme Court in Zadvydas v. Davis and therefore not prolonged. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (identifying a six-month period of detention as presumptively reasonable).[4] See also Dieujuste v. Chestnut, No. 1:26-CV-06729 TLN SCR, 2026 WL 2754499, at *2 (E.D. Cal. Sept. 17, 2026) (dismissing habeas petition without prejudice where "petitioner's detention of just over four months is not prolonged").

Similarly, to the extent petitioner's motion for temporary restraining order (ECF No. 12), filed on September 24, 2026, may be attempting to raise new arguments relating to the IJ's August 2026 denial of bond because the factual predicate for such arguments did not exist when he initiated his first habeas action, such arguments should have first been presented to the BIA or, if appropriate, in a motion to enforce judgment in his prior habeas action. Specifically, petitioner argues that "I'm not a flight risk or a danger to the community" and requests that the court "grant me immediate[] release or immigration check in and GPS monitoring." ECF No. 12 at 3. However, if an individual is "dissatisfied with the IJ's bond determination, they may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011)) (alteration in original) (quoting Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008)).[5] Based on the record before the

---

[4] In Zadvydas, the United States Supreme Court considered prolonged immigration detention following a final order of removal under § 1231(a)(6). 533 U.S. 678 (2001). Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. The Supreme Court recognized a presumptively reasonable six-month period of detention after a removal order has been issued. Id. at 701. Additionally, "for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. The Zadvydas Court established a burden-shifting framework: "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." Id.

[5] Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the

court, petitioner has not appealed the denial of bond to the BIA or filed a motion to enforce judgment in his prior habeas action. The undersigned will therefore recommend that this action be dismissed as duplicative, without prejudice to petitioner seeking leave of court to file a motion to enforce judgment, if appropriate, in Ramos Moran v. Warden, 1:26-cv-05264 DJC AC.

Finally, the court finds in the alternative that the petition may be dismissed as an abuse of the writ. Here the government met its initial burden of pleading an abuse of the writ under McClesky, and petitioner's subsequent filings (ECF Nos. 12-15) did not show cause for failing to include his claim regarding prolonged detention in his earlier action, or why failure to entertain this pro se petition would result in a fundamental miscarriage of justice. No such miscarriage of justice is apparent. To the contrary, the legal sufficiency of petitioner's August 2026 bond hearing may be more appropriately considered in an appeal to the BIA or in Ramos Moran v. Warden, 1:26-cv-05264 DJC AC, which is the appropriate forum for any new arguments petitioner is attempting to raise. The undersigned therefore does not find that a fundamental miscarriage of justice will result from dismissal of the instant petition.

For both these reasons, this second habeas petition attacking the same detention should be dismissed.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED as duplicative and/or an abuse of the writ, without prejudice to seeking leave of court to file a motion to enforce judgment in Ramos Moran v. Warden, 1:26-cv-05264 DJC AC, or file a new habeas petition

---

requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo, 646 F.3d at 1160. Exhaustion can be excused where "pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting SEC v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)).

when his continued detention without an individualized bond hearing has become unconstitutionally prolonged;

2. Petitioner's motion for temporary restraining order, motion for reconsideration, and motion to appoint counsel (ECF Nos. 12, 13, 15) be DENIED as MOOT; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE